**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TOMIKA JONES-McFARLANE,** ) | **CASE NO. 1: 17 CV 724** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **JACKSON HEWITT,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

Seeking $25,000 in damages, *pro se* Plaintiff Tomika Jones-McFarlane has filed this *in forma pauperis* action against Defendant Jackson Hewitt pursuant to 42 U.S.C. §1983 and Title VII of the Civil Rights Act. The alleged factual basis for her action is that she was "often times not able to take lunch or breaks due to the high volume of returns completed during peak season," was called a "Bitch" by an officer manager, was "refused an accommodation to do [her] work more effectively and efficiently" and was not put on the schedule and/or was terminated after being told "[w]e are just low on hours." (Doc. No. 1 at

1-2.)

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and a Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal District Courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

Upon review, the Court finds that the Plaintiff's Complaint must be dismissed pursuant to §1915(e)(2)(B) because, even liberally construed, it fails to set forth allegations reasonably suggesting a plausible federal claim against the Defendant under either §1983 or Title VII.

To state a claim under §1983, a plaintiff must plead and prove that she has been deprived of a right secured by the Constitution or laws of the United States by a person acting "under color of state law." *See Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir. 2001). The Plaintiff has alleged no facts suggesting that the Defendant is a state actor. *See Bell v. Management & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (private employers are not state actors under §1983 unless their actions can be fairly attributable to the state). Further, the Plaintiff has not alleged she suffered a deprivation of any specific right secured by the federal Constitution.

In addition, the Plaintiff has not alleged any plausible federal claim under Title VII. Title VII prohibits discrimination by an employer against an individual with respect to the terms, conditions, and privileges of her employment "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e–2(a)(1). Plaintiff does not allege facts supporting a plausible inference that the Defendant took any adverse employment action against her because of a characteristic protected by Title VII. Conclusory allegations of discrimination are insufficient to state a Title VII claim. *See Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314, 1999 WL 801544 (6th Cir. Sept. 28, 1999) (upholding summary dismissal and holding that conclusory allegations are insufficient to state a plausible claim).

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 1-1) is granted and this action is summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** June 2, 2017